DECISION AND JUDGMENT ENTRY
{¶ 1} On July 17, 2006, the Lucas County Court of Common Pleas, Juvenile Division, awarded appellee, Lucas County Children Services ("LCCS"), permanent custody of Titionna K. and Kayionna K., having previously adjudged them neglected and dependent children. Their maternal grandmother, Ms. W., filed a notice of appeal, requested and received appointed appellate counsel, and has filed two assignments of error. For the following reasons, the appeal must be dismissed.
 {¶ 2} In her brief, Ms. W. never mentions or raises the issue that she was not a party to either the adjudication or disposition proceedings. LCCS argues that Ms. W. *Page 2 
lacks standing to appeal the termination of her daughter's parental rights to Titionna and Kayionna since she was never made a party, never asked to become a party, and never filed a motion for custody of the children. Ms. W. has not filed a responsive brief.
 {¶ 3} We have independently reviewed the record and find that Ms. W. never filed a motion requesting to be made a party to the case and never filed a motion seeking custody of the children. Ms. W. did appear to testify on her daughter's behalf at disposition in response to her daughter's subpoena. She did not know her daughter's current living situation or employment. In her testimony, she never indicated that she would like custody of the children.
 {¶ 4} A grandparent may file a motion to intervene in a permanent custody action. In re Schmidt (1986), 25 Ohio St.3d 331. If the motion is denied, an abuse of discretion will be found if the grandparent has "a legal right to or a legally protectable interest in custody or visitation with their grandchild, where the grandparents have stood in loco parentis to their grandchild, or where the grandparents have exercised significant parental control over, or assumed parental duties for the benefit of, their grandchild." Id. at 338.
 {¶ 5} Appellant has not argued for, and the record does not support, any conclusion that she stood in loco parentis for the children, exercised any parental control, or assumed parental duties. Moreover, appellant never filed a motion to intervene and was never made a "party" to these proceedings as defined by Juv.R. 2(Y). Because there was no request and no determination of whether appellant should have been made a party, appellant has no standing to appeal the judgment awarding appellee permanent *Page 3 
custody. See Christopher A.L. v. Heather D.R., 6th Dist. No. H-03-040,2004-Ohio-4271; In the Matter of Bailey (March 15, 2001), 5th Dist. No. 2000AP110082.
 {¶ 6} For the foregoing reasons, the appeal is ordered dismissed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
APPEAL DISMISSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Arlene Singer, J., JUDGE
William J. Skow, J., JUDGE
 Thomas J. Osowik, J., JUDGE CONCUR. *Page 1